Kings English, The et al v. Shurtleff et al	Doc. 10

JERROLD S. JENSEN (#1678)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Attorney General
Attorneys For Plaintiff
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah 84114-0857
Telephone: (801) 366-0353

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE KING'S ENGLISH, INC., et al., <br><br> Plaintiffs <br><br> vs. <br><br> MARK SHURTLEFF, In his official capacity as ATTORNEY GENERAL OF THE STATE OF UTAH, et al., <br><br> Defendants. | ANSWER <br><br><br> Case No. 2:05CV00485 <br><br> Judge Dee Benson |

Counsel, for and on behalf of all Defendants, answers Plaintiffs' Complaint as to all Plaintiffs not dismissed by the Court pursuant to Defendants' Motion to Dismiss filed herewith, as follows:

**FIRST DEFENSE**

1. Defendants admit the allegations of paragraphs 1 - 2 of the Complaint.

Dockets.Justia.com

2. In answering paragraph 3, Defendants admit that House Bill 260 has been enacted and signed by the Governor. Defendants deny that it is "a broadly restrictive censorship law" or that it imposes content-based restrictions on constitutionally protected speech. Otherwise, the Act speaks for itself:

- Defendants admit that the Act expands the Utah harmful to minors standard to include Utah-based Internet content providers and Internet service providers (ISPs) doing business in Utah.

- Defendants admit the Act requires the Attorney General to create an Adult Content Registry.

- Defendants admit the Act requires ISPs to either block certain websites included in the Adult Content Registry or to provide filtering software to users, but only at the users' request.

- Defendants admit the Act requires Utah-based content providers to label material which may be harmful to minors.

Defendants deny the remaining allegations of the paragraph.

3. Defendants deny the allegations of paragraph 4.

4. Defendants admit paragraph 5.

5. Defendants acknowledge the existence of the federal and state laws cited in paragraphs 6 - 7, acknowledge that those acts have been declared unconstitutional or enjoined, but deny that those laws are similar to the subject Act.

6. In answering paragraph 8, Defendants admit that "essentially all speech on the internet is accessible in Utah regardless of the geographical location of the person who posted it," but deny all remaining allegations.

7. Defendants deny paragraph 9.

8. Defendants admit paragraph 10.

9. Defendants deny paragraphs 11 - 13.

10. Defendants admit paragraph 14.

11. Defendants deny paragraphs 15 - 16.

12. In answering paragraph 17, Defendants admit Plaintiffs are seeking permanent injunctive relief, but deny they are entitled to it.

13. Defendants admit paragraphs 18 - 19.

14. Upon information and belief, Defendants admit generally the allegations of paragraphs 20 - 33, but deny that Plaintiffs The King's English, Inc.; Sam Weller's Zion Bookstore; W. Andrew McCullough; The Sexual Health Network, Inc.; Utah Progressive Network Education Fund, Inc.; American Booksellers Foundation for Free Expression; American Civil Liberties Union of Utah; Association of American Publishers, Inc.; Comic Book

Legal Defense Fund; Freedom to Read Foundation and Publishers Marketing Association have standing to bring the subject cause of action.

15. Defendants admit paragraphs 34 - 35.

16. Upon information and belief, Defendants admit paragraphs 36 - 78, but question the relevance of all of this general information in Plaintiffs' Complaint.

17. Defendants deny paragraph 79.

18. Upon information and belief, Defendants admit paragraphs 80 - 81.

19. In answering paragraph 82, Defendants admit the allegations with regard to a web server, but deny the allegations with regard to an ISP.

20. Defendants admit paragraph 83.

21. Defendants admit paragraphs 84 - 85, but deny that the referenced sections are unconstitutional.

22. In answering paragraph 86, Defendants admit that the Attorney General is to create an "adult content registry," but deny that "he alone determines" what web sites are to be included thereon, and deny that "no judicial or other review" is available. Defendants admit that ISPs may "block" at the consumer's request material from the adult content registry by domain name or IP address. Defendants deny that this section is unconstitutional.

23. Defendants deny paragraph 87. Any material blocked by the ISP is at the consumer's request. The Act speaks for itself.

24. Defendants deny paragraph 88. Any blocking by ISPs of material "harmful to minors" is at the consumer's request.

25. Defendants admit the first sentence of paragraph 89 and deny the remainder of the paragraph.

26. As to paragraph 90, Defendants admit the first sentence and the second sentence through the words "technical means," and deny the remainder of the paragraph.

27. In answering paragraph 91, Defendants deny the first sentence and admit the remainder of the paragraph, in that they acknowledge that is how the complaint is structured.

28. Defendants deny paragraph 92.

29. In answering paragraph 93, Defendants acknowledge that certain statutes have been passed by Congress and the states listed and that they have been declared unconstitutional or enjoined. Defendants deny that those statutes are similar to the subject Act.

30. Defendants admit the first, second, and fourth sentences of paragraph 94, and deny the remainder of the paragraph.

31. Defendants deny the first sentence of paragraph 95 and admit the second sentence.

32. Defendants deny paragraphs 96 - 97.

33. Defendants admit the first two sentences of paragraph 98 and deny the remainder of the paragraph.

34. Defendants deny the first sentence of paragraph 99 and admit the second sentence.

35. Defendants deny paragraphs 100 - 102.

36. In response to paragraph 103, upon information and belief, Defendants believe that there are means available to verify the age of internet users, however, since the Act does not require age verification of users, no response is required. Defendants deny the Act bans any constitutionally protected speech.

37. Defendants deny paragraph 104.

38. Upon information and belief, Defendants admit the first two sentences of paragraph 105, but deny the remainder of the paragraph.

39. Defendants deny paragraph 106.

40. Defendants admit paragraphs 107 - 108.

41. Defendants admit the first and last sentence of paragraph 109. Further, Defendants support a voluntary decision by concerned parents to use filtering products for their children, but deny that the Act imposes criminal penalties for protected speech "upon the universe of internet users."

42. Defendants deny the allegations of paragraphs 110 - 112.

43. Defendants deny paragraph 113, and affirmatively assert that in fact most ISPs can block specific web sites and are currently doing so.

44. Defendants admit paragraph 114, but wish to emphasize that blocking by numeric IP address is not the only means of blocking under the Act.

45. Defendants deny paragraph 115.

46. Defendants admit paragraph 116, but note that blocking by an IP address is not the only means available under the Act.

47. Defendants admit paragraph 117.

48. Upon information and belief, Defendants admit the allegations contained in paragraphs 118 - 123.

49. Defendants deny paragraph 124. The offending website can be blocked by means other than the IP address.

50. Defendants deny paragraph 125.

51. Defendants admit the first sentence of paragraph 126, but deny the second sentence.

52. Defendants admit the essence of paragraph 127, but note that ISPs are not required to block access by an IP address. Therefore, Defendants deny that unrelated web sites would necessarily be blocked.

53. Defendants deny paragraphs 128 - 133.

54. Defendants admit the first sentence of paragraph 134 and deny the remainder of the paragraph.

55.     Defendants deny the first, second, and last sentences of paragraph 135 and admit the third sentence.

56.     Defendants admit the third through the fifth sentences of paragraph 136 and deny the remainder of the paragraph. They also note that the State regulates numerous aspects of the nation's railways and highways located in Utah.

57.     Whether the internet should operate like "the nation's railroads" Defendants are not prepared to say (but they doubt it). Otherwise, in answering paragraph 137, Defendants specifically deny that the subject Act is similar to other state's laws referenced in the second sentence, specifically deny the subject Act places any restrictions on constitutionally protected speech, and deny all remaining allegations.

58.     The definition of the term "harmful to minors" in Utah Code § 76-10-1201(4) meets constitutional criteria. Reliance upon "prevailing standards in the adult community" in that definition does not render the Act unconstitutional. Further, if each state implemented its own regulations as Utah has done, then regulations throughout the country would be uniform. Defendants deny the remaining allegations of paragraph 138.

59.     Defendants deny the allegations of paragraph 139.

60.     In answering paragraphs 140 - 145, Defendants deny Plaintiffs The King's English and Sam Weller's Zion Bookstore would be prosecuted under the Act for material exhibited on their websites.

61. Upon information and belief, Defendants admit the first sentence of paragraph 146 and deny the remainder of the paragraph. A painting presently on Mr. Florence's website depicts a naked, pregnant woman holding open her uterus to reveal a six-month-old fetus inside. Defendants deny that that depiction of a "nude figure" is "in a tradition that is centuries old."

62. In answering paragraph 147, Defendants admit that "some of the depictions of nude figures . . . might be considered in violation of provisions of the Act." Defendants deny Plaintiff Florence would be required to "shut down his website entirely, or risk criminal prosecution providing constitutionally-protected artistic expression" under the Act. He might, however, be obligated to label his website or exclude some paintings.

63. In answering paragraph 148, Defendants deny that Plaintiff W. Andrew McCullough's website would be blocked. His "fear" is speculative and unrealistic.

64. Upon information and belief, Defendants admit the allegations contained in the first and second sentences of paragraph 149, and deny the remainder of the paragraph.

65. Upon information and belief, Defendants admit the allegations contained in the first sentence of paragraph 150 and deny the remainder of the paragraph.

66. Upon information and belief, Defendants admit the allegations contained in the first and second sentences of paragraph 151 and deny the remainder of the paragraph.

67. Upon information and belief, Defendants admit the allegations contained in the first sentence of paragraph 152 and deny the remainder of the paragraph.

68. Upon information and belief, Defendants admit the allegations in paragraphs 153 - 157, but inasmuch as The Sexual Health Network is not a Utah-based content provider, it is not subject to the Act, and therefore does not have standing to bring this action.

69. Defendants deny the allegations of paragraphs 158 - 159.

70. Upon information and belief, Defendants admit the allegations contained in the first, second and third sentences of paragraph 160, but deny the remainder of the paragraph.

71. Upon information and belief, Defendants admit the allegations contained in paragraph 161.

72. Defendants deny the allegations contained in paragraph 162.

73. Upon information and belief, Defendants admit the allegations contained in paragraph 163.

74. Upon information and belief, Defendants admit the allegations contained in the first two sentences of paragraph 164, but deny the remainder of the paragraph.

75. Upon information and belief, Defendants admit the allegations contained in paragraph 165.

76. Upon information and belief, Defendants admit the allegations contained in the first two sentences of paragraph 166, but deny the remainder of the paragraph.

77. Upon information and belief, Defendants admit the allegations contained in the first four sentences of paragraph 167, but deny the remainder of the paragraph.

78. Upon information and belief, Defendants admit the allegations contained in paragraphs 168 - 169.

79. Defendants deny the allegations contained in paragraph 170, and affirmatively allege that libraries currently filter internet content material, which would make them compliant with the Act.

80. Upon information and belief, Defendants admit the allegations contained in paragraphs 171 - 172.

81. Upon information and belief, Defendants admit the first two sentences of paragraph 173 and deny the remainder of the paragraph.

82. Paragraphs 174, 178, 182, 184, 186, 188, 190 and 194 are cumulative paragraphs. In answering those paragraphs, Defendants repeat and reallege their answers to paragraphs 1 - 173 as if set forth entirely herein.

83. Defendants deny the factual allegations contained in paragraphs 175 - 177, 179 - 181, 183, 185, 187, 189, 191 - 193, and 195. To the extent those paragraphs are an assertion of law, no response is required. Defendants deny the referenced sections of the Act are unconstitutional.

84. Defendants deny each and every allegation of the Complaint not specifically admitted. Plaintiffs are put to their proof.

## SECOND DEFENSE

85. Plaintiffs The King's English, Inc.; Sam Weller's Zion Bookstore; W. Andrew McCullough; The Sexual Health Network, Inc.; Utah Progressive Network Education Fund, Inc.; American Booksellers Foundation for Free Expression; American Civil Liberties Union of Utah; Association of American Publishers, Inc.; Comic Book Legal Defense Fund; Freedom to Read Foundation; and Publishers Marketing Association fail to allege a case or controversy and therefore lack standing to prosecute this action as more fully set forth in the attached Motion to Dismiss and its accompanying Memorandum.

DATED this 25th day of August, 2005

MARK L. SHURTLEFF
Attorney General

_____
JERROLD S. JENSEN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing ANSWER was served by mailing the same, first class postage prepaid, this 25 day of August, 2005, to the following:

Wesley D. Felix
Bendinger, Crockett, Peterson, Greenwood & Casey
170 South Main, Suite 400
Salt Lake City, UT 84101

Michael A. Bamberger
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020

John B. Morris, Jr.
Center for Democracy & Technology
1634 Eye Street, NW #1100
Washington, DC 20006

Margaret D. Plane
ACLU of Utah Foundation Inc.
355 North 300 West
Salt Lake City, UT 84103

_____
Secretary