Kings English, The et al v. Shurtleff et al					Doc. 20

**HOWREY LLP**
Wesley D. Felix (6539)
Evelyn J. Furse (8952)
170 South Main Street, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 533-8383
Facsimile: (801) 531-1486

Attorneys for Plaintiffs

**CENTER FOR DEMOCRACY & TECHNOLOGY**
John Morris (*Admitted Pro Hac Vice*)
1634 Eye Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 637-9800
Facsimile: (202) 637-0968

**AMERICAN CIVIL LIBERTIES UNION OF UTAH FOUNDATION, INC.**
Margaret Plane
355 North 300 West
Salt Lake City, UT 84103
Telephone: (801) 521-9862
Facsimile: (801) 532-2850

FILED
U.S. DISTRICT COURT
2005 OCT 24 P 4: 26
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

**SONNENSCHEIN NATH & ROSENTHAL LLP**
Michael A. Bamberger (*Admitted Pro Hac Vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE KING'S ENGLISH, INC. et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MARK SHURTLEFF et al., <br><br> Defendants. | **ATTORNEYS' PLANNING MEETING REPORT** <br><br> Civil No. 2:05CV00485 DB <br><br> Judge Dee Benson |

1.  **ATTORNEYS' MEETING:** As required under the Federal Rules of Civil Procedure (hereinafter collectively "Rules" or individually as "Rule") 26(f), a meeting was held on October 19, 2005 at the Salt Lake City office of Howrey LLP.

    a.  The following were in attendance:

    **For Plaintiffs:**

1

Dockets.Justia.com

  (i)  Wesley D. Felix, Howrey LLP;

  (ii)  Evelyn J. Furse, Howrey LLP; and

  (iii)  Greggory A. Teeter, Howrey LLP.

**For Defendants:**

  (i)  Jerrold Jensen, Utah Attorney General's Office; and

  (ii)  Mark Burns, Utah Attorney General's Office.

 b. The parties have discussed the nature and basis of their claims and defenses, the possibilities for settlement of Plaintiffs' claims, and stipulated to the discovery plan described below.

 c. Because the parties are actively engaged in discussions to determine whether all or some of the claims raised in the Complaint can be resolved through settlement, they have agreed upon and proposed a significantly extended discovery schedule to allow time for the settlement discussions.

2. **INITIAL DISCLOSURES:** The parties will exchange by April 14, 2006 the information required by Rule 26(a)(1). Any party hereafter joined to the action shall make initial disclosures within 30 days after being served with process, but no sooner than April 14, 2006.

3. **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan (the "Plan"):

 a. The scope of necessary discovery in this case is difficult to determine at this time because the parties are attempting to resolve Plaintiffs' claims, and the scope of necessary discovery will depend on the claims, if any, incapable of resolution. At this point, the parties anticipate the subject areas where discovery will be needed include:

  (i)  Background and purpose of HB260;

  (ii)  Available less restrictive alternatives to HB 260; and

  (iii)  Technical aspects of Internet communications and the capabilities (or lack of capabilities) of Internet content providers and ISPs.

b.   Except as limited by this Plan, discovery may be conducted on any subject and in any manner permitted under the Federal Rules of Civil Procedure.

c.   All fact discovery, including without limitation oral depositions, shall be completed by December 15, 2006. All written discovery shall be served so as to conform with this deadline.

d.   Each "side" may serve upon any other side written interrogatories not exceeding 25 in number including all discrete subparts. Responses are due as set forth in Rule 33.

e.   Each "side" may take up to 10 depositions, including expert witnesses. The depositions, including the scope, duration, and notice requirements, are governed by the Rules.

f.   On any issue in which any party has the burden of proof, reports of experts retained by that Party shall be submitted by January 5, 2007.

g.   Opposition expert reports shall be served by January 15, 2007.

h.   Rebuttal fact discovery on issues raised in opposition expert reports or in expert depositions shall be concluded by March 15, 2007, and all such discovery shall be served to conform with this deadline.

i.   All expert depositions shall be concluded by February 10, 2007.

j..   Supplementations under Rule 26(e) are due by March 20, 2007.

4. **OTHER ITEMS:**

a.   The parties do not request a conference with the Court prior to entry of the scheduling order.

b.   The parties request a final pretrial conference in April 2007.

c.   The cutoff date for joining additional parties is September 1, 2006.

d.   The cutoff date for amending pleadings is September 15, 2006.

e.   The cutoff date for filing dispositive or potentially dispositive motions is April 16, 2007.

f.   The potential for settlement cannot be evaluated prior to March 25, 2006.

g. The potential for resolution of this matter through the Court's alternative dispute resolution program cannot be evaluated prior to March 25, 2006 (either by arbitration or mediation).

h. Final lists of witnesses and exhibits pursuant to Rule 26(a)(3) are due by April 30, 2007.

i. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

j. This case should be ready for trial by May 21, 2007.

k. The estimated length of the trial is 10 days.

DATED this ____ day of October, 2005.

HOWREY LLP

BY: _____
Wesley D. Felix
Attorneys for Plaintiffs


DATED this ____ day of October, 2005.

UTAH ATTORNEY GENERAL'S OFFICE

BY: _____
Jerrold Jensen
Attorney for Defendants