JERROLD S. JENSEN (#1678)
Assistant Attorney General
MARK BURNS (#6706)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Attorney General
Attorneys For Plaintiff
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah 84114-0857
Telephone: (801) 366-0353

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE KING'S ENGLISH, INC., et al.,<br><br>          Plaintiffs<br><br>vs.<br><br>MARK SHURTLEFF, In his official capacity as ATTORNEY GENERAL OF THE STATE OF UTAH, et al.,<br><br>          Defendants. | ANSWER TO FIRST AMENDED COMPLAINT<br><br><br>Case No. 2:05CV00485<br><br>Judge Dee Benson |

      Counsel for and on behalf of all Defendants answers Plaintiffs' Amended Complaint as to Plaintiffs Nathan Florence, The Sexual Health Network, Utah Progressive Network Education Fund, American Booksellers Foundation for Free Expression, American Civil Liberties Union of Utah, Association of American Publishers, Comic Book Legal Defense, Freedom to Read Foundation, and Publishers Marketing Association. All other named Plaintiffs have been

dismissed by this Court's Memorandum Opinions and Orders filed November 29, 2007 and August 8, 2008.

## FIRST DEFENSE

1. Defendants admit the allegations of paragraphs 1 - 2 of the Amended Complaint.

2. In answering paragraph 3, Defendants admit that House Bill 260 was enacted and signed by the Governor. Defendants deny that it is "a broadly restrictive censorship law" or that it imposes content-based restrictions on constitutionally protected speech. Otherwise, the Act speaks for itself:

- Defendants admit that the Act expanded the Utah harmful to minors standard to include Utah-based Internet content providers and Internet service providers (ISPs) doing business in Utah.

- Defendants admit the Act required the Attorney General to create an Adult Content Registry.

- Defendants admit the Act required ISPs to either block certain websites included in the Adult Content Registry or to provide filtering software to users, but only at the users' request.

- Defendants admit the Act required Utah-based content providers to label material which may be harmful to minors.

Defendants deny the remaining allegations of the paragraph.

3. Defendants deny the allegations of paragraph 4.

4. Defendants admit the allegations of paragraph 5.

5. Defendants admit that House Bill 5 was passed by the Legislature and signed by the Governor and deny all remaining allegations of paragraph 6.

6. Defendants deny the allegations of paragraph 7.

7. In answering paragraph 8, Defendants admit Plaintiffs are seeking to have the Act declared unconstitutional, but deny that the Act is unconstitutional.

8. Defendants acknowledge the existence of the federal and state cases and acts cited in paragraph 9, acknowledge that parts of those acts have been declared unconstitutional or enjoined, but deny that those acts are similar to the subject amended Act.

9. Defendants deny the allegations of paragraph 10. The "Of/with" issue was rectified with the passage of House Bill 18 in the 2008 General Session of the Utah State Legislature.

10. In answering paragraph 11, Defendants acknowledge that the U.S. District Court for the Eastern District of Pennsylvania invalidated a Pennsylvania law. Defendants deny that the Pennsylvania law is similar to the Utah law.

11. In answering paragraph 12, Defendants admit that "essentially all speech on the Internet is accessible in Utah regardless of the geographical location of the person who posted it," but deny all remaining allegations.

12. Defendants deny the allegations of paragraph 13.

13. In answering paragraph 14, Defendants acknowledge that material that may be "harmful to minors" may be constitutionally protected for adults. Defendants deny the remaining allegations of paragraph 14.

14. Defendants deny paragraphs 15 - 19.

15. In answering paragraph 20, Defendants admit Plaintiffs are seeking permanent injunctive relief, but deny they are entitled to it.

16. Defendants admit paragraphs 21 - 24.

17. Paragraphs 25 and 26 reference The King's English and Sam Weller's Zion Bookstore, which Plaintiffs have been dismissed from this case pursuant to court order.

18. Upon information and belief Defendants admit the allegations of paragraph 27, but deny that Mr. Florence's art depicts "nude figures in a tradition that is centuries old."

19. Paragraphs 28 - 30 reference W. Andrew McCullough, IPNS of Utah, RigidTech.com, which Plaintiffs have been dismissed from this case pursuant to court order.

20. Upon information and belief Defendants believe the allegations of paragraphs 31 - 38 to be true, but deny that any of the First Amendment rights of Plaintiffs and its members will be adversely effected by the amended Act.

21. Defendants admit paragraphs 39 - 40.

22. Upon information and belief, Defendants admit paragraphs 41-83.

23. Defendants deny paragraph 84.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 85 - 87 and therefore deny the same.

25. Defendants admit paragraph 88.

26. Defendants admit paragraphs 89 - 91, but deny that the referenced sections are unconstitutional.

27. Paragraphs 92 - 98 reference Utah Code §§ 76-10-1205 and 76-10-1231. The challenges to these sections, and causes of action, have been dismissed by this Court pursuant to its Orders of November 29, 2007 and August 8, 2008.

28. In answering paragraph 99, Defendants deny the first sentence and admit the remainder of the paragraph in that they acknowledge that is how the complaint is structured.

29. Defendants deny paragraph 100. The issue relating to the "Of/with Amendment" is moot in light of the 2008 amendment to the Act.

30. In answering paragraph 101, Defendants acknowledge that certain statutes have been passed by Congress and the listed states, and that certain parts of those statutes at least have been declared unconstitutional or enjoined. Defendants deny that those statutes are similar to the subject Act.

31. Defendants admit the first, second, and fourth sentences of paragraph 102, and deny the remainder of the paragraph.

32. Defendants deny the first sentence of paragraph 103 and admit the second sentence. The third sentence is moot in light of the 2008 amendment to the Act.

33. Defendants deny paragraphs 104 - 105.

34. Defendants admit the first two sentences of paragraph 106 and deny the remainder of the paragraph.

35. Defendants deny paragraphs 107 - 112. The referenced provisions of the Amended Act speak for themselves.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 113 and therefore deny the same.

37. Defendants deny paragraph 114.

38. Defendants admit paragraphs 115 - 116.

39. Defendants admit the first and last sentence of paragraph 117, but deny that the Act imposes criminal penalties for protected speech "upon the universe of Internet users."

40. Paragraphs 118 - 138 deal with Utah Code § 76-10-1205. The challenge to this section and cause of action has been dismissed by the Court pursuant to its orders of November 29, 2007 and August 8, 2008.

41. Paragraph 139 deals with Utah Code § 76-10-1231. The challenge to this section and cause of action has been dismissed by the Court pursuant to its orders of November 29, 2007 and August 8, 2008.

42. Defendants admit the first sentence of paragraph 140 and deny the remainder of the paragraph.

43. Defendants deny the first, second, and last sentences of paragraph 141 and admit the third sentence.

44. Defendants deny the allegations contained in paragraphs 142 - 146.

45. Paragraphs 147 - 152 deal with previously dismissed Plaintiffs The King's English and Sam Weller's Zion Bookstore, therefore no response is required.

46. Upon information and belief, Defendants admit the first sentence of paragraph 153 and deny the remainder of the paragraph on the basis of a lack of information sufficient to form a belief as to the truth of the allegations convened therein.

47. In answering paragraph 154, Defendants admit that Mr. Florence uses his website to display his art, but deny the remaining allegations of the paragraph.

48. Paragraphs 155 - 159 deal with previously dismissed Plaintiffs W. Andrew McCullough, IPNS of Utah, and RigidTech.com, therefore no response is required.

49. Upon information and belief, Defendants admit the allegations contained in paragraphs 160 - 164.

50. Defendants deny the allegations of paragraphs 165 - 166.

51. Upon information and belief, Defendants admit the allegations contained in the first, second and third sentences of paragraph 167, but deny the remainder of the paragraph.

52. Upon information and belief, Defendants admit the allegations contained in paragraph 168.

53. Defendants deny the allegations contained in paragraph 169.

54. Upon information and belief, Defendants admit the allegations contained in paragraph 170.

55. Upon information and belief, Defendants admit the allegations contained in the first two sentences of paragraph 171, but deny the remainder of the paragraph.

56. Upon information and belief, Defendants admit the allegations contained in paragraph 172.

57. Upon information and belief, Defendants admit the allegations contained in the first two sentences of paragraph 173, but deny the remainder of the paragraph.

58. Upon information and belief, Defendants admit the allegations contained in the first four sentences of paragraph 174, but deny the remainder of the paragraph.

59. Upon information and belief, Defendants admit the allegations contained in paragraphs 175 - 176.

60. Defendants deny the allegations contained in paragraph 177, and affirmatively allege that libraries currently filter Internet content material, which would make them compliant with the Act.

61. Upon information and belief, Defendants admit the allegations contained in paragraphs 178 - 179.

62. Upon information and belief, Defendants admit the first two sentences of paragraph 180 and deny the remainder of the paragraph.

63. Paragraphs 181, 185, 189, 191, 195, 197, 201 and 203 are cumulative paragraphs. In answering those paragraphs, Defendants repeat and reallege their answers to paragraphs 1 - 180 as if set forth entirely herein.

64. Defendants deny the allegations contained in paragraphs 182 - 184, 186 - 188, 190, 192, 194, 196, 198 - 200, 202 and 204.

65. Defendants deny each and every allegation of the Complaint not specifically admitted.

**SECOND DEFENSE**

Part of Plaintiffs' Amended Complaint has been rendered moot by this Court's Memorandum Opinion and Orders of November 29, 2007 and August 8, 2008. In addition, parts of Plaintiffs' Complaint have been rendered moot by the passage of House Bill 18 in the 2008 General Legislative Session of the Utah State Legislature, which repealed portions of House Bill 260 (2005) and House Bill 5 (2007) and re-wrote other sections. Plaintiffs have not addressed House Bill 18 in this Amended Complaint.

Having answered Plaintiffs' Amended Complaint, Defendants pray that said Complaint be dismissed with prejudice.

DATED this  10th  day of August, 2008

                                             MARK L. SHURTLEFF
                                             Attorney General


                                             /s/ Jerrold S. Jensen
                                             JERROLD S. JENSEN
                                             Assistant Attorney General

## CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** was served by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Bamberger
mbamberger@sonnenschein.com

Mark E. Burns
markburns@utah.gov

Wesley D. Felix
felixw@howrey.com,medranoh@howrey.com,duttd@howrey.com

Marina B. Lowe
mlowe@acluutah.org,aclu@acluutah.org

John B. Morris , Jr
jmorris@cdt.org

Zachary J. Weyher
weyherz@howrey.com,martinb@howrey.com,duttd@howrey.com

      /s/ Sherri L. Cornell
      Secretary