JERROLD S. JENSEN (#1678)
MARK E. BURNS (#6706)
Assistant Attorneys General
MARK L. SHURTLEFF (#4666)
Utah Attorney General
Attorneys for Defendants
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah  84114-0857
Telephone:  (801) 366-0353
jerroldjensen@utah.gov
markburns@utah.gov

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN FLORENCE, et al.,<br><br>         Plaintiffs,<br><br>vs.<br><br>MARK SHURTLEFF, et al.,<br><br>         Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO DISMISS FOR MOOTNESS**<br><br>Judge Dee Benson<br><br>Case No. 2:05CV00485 DB |

## INTRODUCTION

Plaintiffs Memorandum in Opposition to Defendants' Motions for Judgment on the Pleadings and to Dismiss for Mootness ("Opposition Memorandum") claims that Defendants' motions are based on "incorrect factual and legal premises." Yet Plaintiffs do not deny the following factual and legal premises which constitute the sole basis of Defendants' motions:

1. In 2005 the Utah Legislature passed HB 260 amending § 1206 of Utah's Harmful to Minors statute. (Utah Code § 76-10-1206.)

2. Plaintiffs are Internet content providers who challenged the constitutionality of HB 260 as it applied to Internet content providers.

3. In 2008, the Utah Legislature passed HB 18 removing from § 1206 the portions of HB 260 that applied to Internet content providers.

4. Removal of the HB 260 language from § 1206 returned the language of Utah's Harmful to Minors statute back to the language that existed in the statute from 1973 to 2005.

Plaintiffs' Opposition Memorandum disputes none of these factual and legal premises. Rather, it misrepresents Defendants' position, and then seeks to refute Plaintiffs' straw-man argument.

As a result, the only legal conclusion that deductively follows from the above is: Plaintiffs' challenge to the constitutionality of § 1206 is moot and Plaintiffs no longer have a claim upon which relief may be granted.[1]

**REPLY ARGUMENT**

I. **PLAINTIFFS CLAIM DEFENDANTS' MOTIONS ARE BASED ON INCORRECT FACTUAL AND LEGAL PREMISES**

Plaintiffs raise four points in their Opposition Memorandum. Each will be dealt with in turn.

---

[1]Defendants' motion applies only to § 1206. Plaintiffs' Opposition Memorandum confuses the issue, conflating §§ 1206 and 1233. Defendants have never applied the above factual and legal premises or legal conclusion to § 1233.

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 2

### A. DEFENDANTS HAVE NEVER CLAIMED THE 2008 AMENDMENT REPEALED SECTION 1206 OR SECTION 1233.

Plaintiffs say "Defendants repeatedly state that HB 18 'repealed' Section 1206 as to content providers." Pltfs' Opposition Memo., p. 1. (Doc. 116.)

Here is the first of Plaintiffs straw-man arguments. Defendants have never claimed that the 2008 Amendment "repealed" § 1206. What Defendants have said is that the 2008 Amendment "deleted," "removed" or "repealed" the *changes* added to § 1206 by HB 260. There is a difference – and the difference is significant.

The significance is that by repealing the *changes* added by HB 260 to § 1206 of Utah's Harmful to Minors statute, the language of the statute returns to the language that existed between 1973 and 2005. In other words, the language of § 1206 in the current statute – as it applies to Internet content providers – is the same as it was before HB 260 or Plaintiffs' lawsuit.

In short, Defendants have never claimed that the 2008 Amendment repealed either § 1206 or 1233 (and § 1233 has never been a part of any of Defendants' motions to dismiss.)

### B. PLAINTIFFS CLAIM THAT DELETING THE HB 260 LANGUAGE FROM § 1206 "BROADENS" THE STATUTE.

First Plaintiffs complain that the Utah Legislature passed unconstitutional legislation by amending § 1206 with HB 260. Now that the language they challenged has been removed, Plaintiffs have shifted their objection to claiming that § 1206 "broadens" the liability of Internet content providers. Opp. Memo., p. 3-5. (Doc. 116.) Whether that is true or not is immaterial because Utah's Harmful to Minors statute is modeled after New York's Harmful to Minors

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 3

statute, which was upheld by the United States Supreme Court in *Ginsberg v. New York,* 390 U.S. 629 (1968).

Thus, Plaintiffs' challenge, as they have posed it in their Opposition Memorandum, constitutes a facial challenge to a statute that has been existence since 1973, and has been upheld by the Supreme Court.

Further, however, Defendants take extreme exception to Plaintiffs' representation that deleting the HB 260 language to § 1206 "broadens" the statute. The fact is, as has been pointed out before, the current statute does not reach out-of-state Internet content providers any more than it reaches out-of-state magazine publishers or video producers, because there is no reasonable way they can be held liable for "knowing" the age of their viewers. See Memorandum in Support of Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment, p. 3, 9-12. (Doc. 95.)

### C. PLAINTIFFS CLAIM THAT THE PARTIES HAVE BEEN LITIGATING SECTIONS 1206 AND 1233, AS AMENDED BY THE 2008 AMENDMENT.

To refute Defendants' Motion for Mootness or for Judgment on the Pleadings, Plaintiffs claim that "both Plaintiffs and Defendants have been litigating this case based on Sections 1206 and 1233, as amended by the 2008 Amendment." Opp. Memo., p. 5. (Doc. 116.)

This is another straw-man argument. The best evidence that that statement is false is Plaintiffs' own Memorandum in Support of their Motion for Summary Judgment. (Doc. 82.)

In the first pleading Plaintiffs filed after the passage of HB 18 – filed 39 months after its passage – Plaintiffs ask this Court for summary judgment and never once mention the 2008

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 4

Amendment. They reference HB 260 (2005). They reference HB 5 (2007). But they never mention HB 18. They even cite language from the 2007 version of the statute, which had been deleted by the 2008 Amendment as evidence of the statute's unconstitutionality. Pltfs' Memo in Support of Mot. for Summ. J., p. 22. (Doc. 82.)

That is not exactly "litigating § 1206 based on the 2008 Amendment." If anything, it is evidence that the parties had not been litigating anything for three years after the passage of HB 18,[2] and when Plaintiffs finally decide to litigate, they "litigate" anything but the 2008 Amendment.

### D. THE LEGAL CONSEQUENCE OF AMENDING A STATUTE THAT IS UNDER COURT CHALLENGE.

In their Opposition Memorandum, Plaintiffs state: "Defendants argue that Plaintiffs' claims are moot, or that Defendants should be granted judgment on the pleadings, because the Challenged Statutes were amended after the filing of this action, so the exact version of the statute placed in issue by the Amended Complaint is no longer in effect ." Opp. Memo., p. 8. (Doc. 110.) And they cite Defendants' Mootness Memorandum, at page 3, for that proposition.

This is another straw-man argument. What Defendants said at page 3 of their Mootness Memorandum was: "Plaintiffs are challenging a law that no longer exists."

Defendants have never insinuated that merely changing the wording of a statute means that Plaintiffs must amend their complaint. In fact, § 1233 was amended by HB 18 and

---

[2]Some discovery was exchanged between the parties in 2009.

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 5

Defendants have never claimed that Plaintiffs' complaint must be amended to maintain their action against that section.

But there is a difference between changing the wording of a statute and completely removing the challenged portions of the statute. And again, the difference is significant. Defendants do not question the legal principle Plaintiffs cite that a new version of a statute under court challenge which "differs in certain respects from the old one," does not require an Amended Complaint each time the statute is modified. *Northeastern Fla. Chapter of Associated General Contractors of America v. City of Jacksonville, Fla,* 505 U.S. 656 (1993).[3]

That is a perfectly sound legal principle. But that is not what happened here. In this case, the section of the statute being challenged by Plaintiffs was repealed. This is not a statute that now "differs in certain respects from the old one." The challenged portion of the statute was removed.

As Defendants discussed in their Mootness Memorandum, if a statute under court review is "repealed" the challenge is mooted. *See Citizens for Responsible Government State Political Action Committee v. Davidson*, 236 F.3d 1174 (10th Cir. 2000).[4]

As Plaintiffs have stated, "the dispositive question under *Davidson* is: **Has HB 18 'remove[d] challenged features of the prior law'?**" Pltfs' Opp. Memo., p. 10 (emphasis in the original). Given that Plaintiffs challenged the language inserted into § 1206 by HB 260, and that

---

[3] Cited in Plaintiffs' Opp. Memo., p. 8-9.

[4] Cited and discussed in Defendants' Mootness Memorandum, p. 7-8. (Doc. 110.)

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 6

language was subsequently removed by HB 18, the answer to Plaintiffs' dispositive question is an unqualified "yes."

II. **APPLICABLE RULES EMPLOYED BY THE SUPREME COURT TO AVOID CONSTITUTIONAL QUESTIONS.**

    A. THE FACIAL CHALLENGE

Pursuant to Plaintiffs' Amended Complaint, Plaintiffs are challenging the constitutionality of HB 260. By deleting the provisions of HB 260 that amended § 1206, Utah's Harmful to Minors statute has reverted back to the language that existed prior to HB 260. As a result, Plaintiffs' current challenge of § 1206 is a facial challenge to a statute that has existed since 1973 and was modeled after a statute upheld as constitutional by the United States Supreme Court. Other than to say that the deletion "broadens" the statute, the Plaintiffs have not pointed out why Utah's Harmful to Minors statute is unconstitutional. As frequently noted by the Supreme Court: "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno,* 481 U.S. 739, 745 (1987).

Plaintiffs have certainly not established that there is no set of circumstances under which § 1206 would be valid. Therefore, on that basis alone Plaintiffs challenge of § 1206 should be dismissed.

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 7

    **B.   THE VARIOUS DOCTRINES OF STANDING, RIPENESS, AND MOOTNESS.**

The Supreme Court has also adopted other rules applicable to the present case. As the Court has stated:

> The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity. The various doctrines of "standing," "ripeness," and "mootness," which this Court has evolved with particular, though not exclusive, reference to such cases are but several manifestation – each having its own "varied application" – of the primary conception that federal judicial power is to be exercised to strike down legislation, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action. This court can have no right to pronounce an abstract opinion upon the constitutionality of a State law. Such law must be brought into actual, or threatened operation upon rights properly falling under judicial cognizance, or a remedy is not to be had here. The party who invokes the power to annul legislation of grounds of its unconstitutionality must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement.

*Poe v. Ullman,* 367 U.S. 497, 503-04 (1961) (internal cites and quotation marks omitted).

All three doctrines are applicable to the present case for the reasons enumerated above.

    **C.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Finally, Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. As this case is now structured, Plaintiffs' claim of unconstitutionality against § 1206 fails to state a claim upon which relief can be granted.

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 8

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings or in the alternative Defendants' Motion to Dismiss for Mootness should be granted in this case as to Plaintiffs' constitutional challenge of Utah Code § 76-10-1206.

DATED this  5th  day of December, 2011.

                                                  MARK L. SHURTLEFF
                                                Attorney General


                                                /s/ Jerrold S. Jensen
                                                JERROLD S. JENSEN
                                                Assistant Attorney General

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 9

## **CERTIFICATE OF DELIVERY**

  This is to certify that copies of the foregoing **Defendants' Reply Memorandum in Support of Defendants' Motion for Judgment on the Pleadings and/or to Dismiss for Mootness** was served by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Bamberger
Richard M. Zuckerman
SNR Denton US LLP
1221 Avenue of the Americas
New York NY 10020
michael.bamberger@snrdenton.com
docketny@snrdenton.com

Karen W. McCreary
Joseph Cohn
American Civil Liberties Union of Utah Foundation, Inc.
355 North 300 West
Salt Lake City, UT   84103
jcohn@acluutah.org,joecohn@gmail.com

Emma J. Llanso
Center for Democracy & Technology
1634 Eye Street, NW #1100
Washington, DC 20006
ellanso@cdt.org

                /s/ Amy Casterline

Defendants' Reply Memorandum in Support of Defendants' Motion
for Judgment on the Pleadings and/or to Dismiss for Mootness
Florence, et al. v. Shurtleff, et al.
Page 10