AMERICAN CIVIL LIBERTIES UNION
OF UTAH FOUNDATION, INC.
Marina B. Lowe (Utah Bar No. 11482)
355 North 300 West
Salt Lake City, UT 84103
Telephone: (801) 521-9862 x 108
Facsimile: (801) 532-2850

SNR DENTON US LLP
Michael A. Bamberger (Pro Hac Vice)
Richard M. Zuckerman (Pro Hac Vice)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

CENTER FOR DEMOCRACY
& TECHNOLOGY
Emma Llanso (Pro Hac Vice)
1634 Eye Street, NW # 1100
Washington, DC 20006
Telephone: (202) 637-9800 ext. 116
Facsimile: (202) 637-0968

*Attorneys for Plaintiffs*

MARK L. SHURTLEFF (#4666)
Utah Attorney General
JERROLD S. JENSEN (#1678)
MARK E. BURNS (#6706)
Assistant Attorneys General
160 East 300 South, 5th Floor
PO Box 140857
Salt Lake City, Utah 84114-0857
Telephone: (801) 366-0353

*Attorneys for Defendants*

FILED
US DISTRICT COURT
2012 MAY 16 A 10:21
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN FLORENCE, et al.,<br><br>                  Plaintiffs,<br>vs.<br><br>MARK SHURTLEFF, et al.,<br><br>                  Defendants. | Civil No. 2:05CV000485<br><br>Judge Dee Benson<br>Magistrate Judge Samuel Alba |

### [PROPOSED] ORDER AND DECLARATORY JUDGMENT

WHEREAS Plaintiffs brought this action seeking, among other relief, a Declaratory Judgment with respect to the scope, meaning, and constitutionality of Utah Code §§ 76-10-1206 and 76-10-1233, as amended by Utah Laws 2005, c. 281; and

WHEREAS, on August 25, 2006, this Court entered a Stipulated Order (including Preliminary Injunction) on consent of Plaintiffs and Defendants (the "Preliminary Injunction"); and

WHEREAS following the entry of the Preliminary Injunction, the Utah Legislature enacted Utah Laws 2007, c. 337; Utah Laws 2008, c. 297; and Utah Laws 2009, c. 345, amending Utah Code §§ 76-10-1206 (as so amended, "Section 1206") and 76-10-1233 (as so amended, "Section 1233") and related sections of the Utah Code; and

WHEREAS with respect to Section 1206,

    a.    Plaintiffs maintain that the First Amendment to the United States Constitution precludes application of Section 1206 to electronic communications other than those which are intentionally directed to a specific person, known or believed by the sender to be a minor, such as through person-to-person emails, person-to-person instant messages, or person-to-person text messages, so that, for example, the First Amendment to the United States Constitution precludes application of Section 1206 to the posting or provision of content, whether words or images or both, on generally accessible websites; and

    b.    Defendants maintain that, by its terms, Section 1206 does not apply to electronic communications other than those which are intentionally directed to a specific person, known or believed by the sender to be a minor, such as through person-to-person emails, person-to-person instant messages, or person-to-person text messages, so that, for example, Section 1206 does not apply to the posting or provision of lawful content, whether words or images or both, on generally accessible websites; and

    c.    In light of the positions of the Plaintiffs and Defendants, and the independent examination of Section 1206 by the Court, it is appropriate for this Court to issue a declaratory judgment with respect to the scope and meaning of Section 1206; and

WHEREAS, with respect to Section 1233:

a. Plaintiffs maintain that the provision of Section 1233 which, in summary, provide that a content provider that is domiciled in Utah, or generates or hosts content in Utah, "shall restrict access to material harmful to minors" by "properly rating content" or by "any other reasonable measures feasible under available technology" so that a consumer is "actually apprise[d]" of the "presence of material harmful to minors," thus "allow[ing] the consumer the ability to control access" to such material "by use of reasonably priced commercially available software, including software in the public domain" violates the First Amendment to the United States Constitution; and

b. Plaintiffs and Defendants agree that, in the years since this action was filed, there has been a dramatic improvement in reasonably priced commercially available software, including software in the public domain, so that the simple presence of words or images constituting material harmful to minors is sufficient to properly rate such content, allowing the consumer the ability to control access to such material; and

c. In light of the positions of the Plaintiffs and Defendants, and the independent examination of Section 1233 by the Court, it is appropriate for this Court to issue a declaratory judgment with respect to the scope and meaning of Section 1233;

NOW, THEREFORE, it is hereby ordered, adjudged, and decreed as follows:

1. No person can be prosecuted under Section 1206 for making an electronic communication unless, having negligently failed to determine the proper age of a recipient who is a minor, or knowing or believing the recipient to be a minor, the person intentionally directs such communication to a specific recipient, such as through person-to-person emails, person-to-person instant messages, or person-to-person text messages, so that, for example, Section 1206 does not apply to the posting or provision of content, whether words or images or both, on

generally accessible websites (unless such content constitutes child pornography, as defined in Utah Code § 76-5b-103);

2. No person can be subject to civil proceedings or a civil fine under Section 1233 for failing to restrict access to harmful to minors material, as long as such material contains words or images which can be identified by use of reasonably priced commercially available software, including software in the public domain.

3. Pursuant to 42 U.S.C. § 1988, Plaintiffs shall recover their reasonable attorneys fees from Defendants. The Parties are hereby directed to negotiate the amount of such fees, and to advise the Court, within 30 days of the entry of this Declaratory Judgment, of the agreed-upon amount, which shall be incorporated in a Supplemental Judgment. In the event the Parties are unable to reach agreement on such amount, Plaintiffs shall file an application for attorneys' fees within 60 days of the entry of this Declaratory Judgment.

DATED at Salt Lake City, Utah this 15 day of May, 2012.

/s/ Dee Benson
_____
Hon. Dee Benson
United States District Judge

We consent to entry of the above Order and Declaratory Judgment.

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF UTAH FOUNDATION, INC. | MARK L. SHURTLEFF (#4666) Utah Attorney General |
| By:/s/ Marina B. Lowe<br>Marina B. Lowe (Utah Bar No. 11482) | By: /s/ Jerrold S. Jensen<br>Jerrold S. Jensen (#1678)<br>Mark E. Burns (#6706)<br>Assistant Attorneys General |
| SNR DENTON US LLP | |
| By:/s/ Michael A. Bamberger<br>Michael A. Bamberger (Pro Hac Vice)<br>Richard M. Zuckerman (Pro Hac Vice) | *Attorneys for Defendants* |
| CENTER FOR DEMOCRACY & TECHNOLOGY<br>By; /s/ Emma Llanso<br>Emma Llanso (Pro Hac Vice) | |

*Attorneys for Plaintiffs*


 The undersigned certifies that a true and correct copy of the foregoing [Proposed] Order and Declaratory Judgment was served via electronic filing this May 14, 2012, upon all counsel.

s/ Michael A. Bamberger
Michael A. Bamberger